UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| B&S TRANSPORT, INC., et al., | ) | CASE NO. 5:13-cv-2793 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| BRIDGESTONE AMERICAS TIRE | ) | |
| OPERATIONS, LLC, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on plaintiffs' motion for leave to file an amended complaint. (Doc. No. 38.) Defendants have filed an opposition. (Doc. No. 39.) Plaintiffs filed a reply (Doc. No. 40), which defendants have moved to strike. (Doc. No. 41.) Plaintiffs oppose the motion to strike. (Doc. No. 43.) Because the Court's Case Management Plan and Trial Order does not permit replies to motions for leave to amend (*see* Doc. No. 35 at 302), the Court construes defendants' motion to strike as a motion to disregard[2] and GRANTS same.

I. Background

As authorized Bridgestone dealers, plaintiffs B&S Transport, Inc. ("B&S") and its president, Ronnie Harris ("Harris"), sold Bridgestone tires primarily to government customers for nearly three decades. (Compl., Doc. No. 1 at ¶¶ 15-16.) On February 28, 2013, Harris met with two Bridgestone representatives, who informed Harris that Bridgestone had decided to terminate B&S as an authorized dealer, ceasing tire shipments on December 31, 2013. (*Id*. at ¶

---

[2] A motion to strike applies only to pleadings and is not the proper vehicle for attacking plaintiffs' reply brief. *See* Fed. R. Civ. P. 12(f); *Physicians Ins. Capital, LLC v. Praesidium Alliance Grp., LLC*, No. 4:12CV1789, 2013 WL 3787671, at *4 (N.D. Ohio July 18, 2013).

25.)

At the time of its termination, B&S had six ongoing contracts with the Defense Logistics Agency ("DLA"). DLA renewed each contract for an additional year in fall 2013, after B&S had received the termination letter from Bridgestone. (Compl. at ¶ 24.) Unable to meet the requirements of the DLA contracts, plaintiffs filed this lawsuit on December 19, 2013.

The complaint asserts the following causes of action: (1) violation of 42 U.S.C. § 1981; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) promissory estoppel; (5) tortious interference with contract; and (6) fraud. (Compl. at ¶¶ 32-102.) Contemporaneously with their complaint, plaintiffs filed a motion for temporary restraining order and a motion for preliminary injunction. (Doc. No. 4.) Concluding that plaintiffs had not shown a substantial likelihood of success on the merits of their claims, the Court denied the motions. (Minute Order, Jan. 15, 2014; Doc. No. 36.)

Plaintiffs now seek to add Bridgestone Corporation (Japan) as a defendant. In addition, they seek to add the following causes of action: (1) violation of Ohio Rev. Code § 1353.06, (2) civil conspiracy, and (3) restraint of trade. Finally, plaintiffs seek to add facts adduced in discovery, particularly facts relating to an April 1, 1991 letter from Bridgestone to Harris that contains certain terms of the parties' dealership agreement. (*See* Doc. No. 38-1.)

According to defendants, leave to amend should be denied because plaintiffs provided no grounds for amendment other than timeliness and defendants' corporate disclosure statement. (Doc. No. 39 at 388.) Without more, defendants claim that plaintiffs have not met Fed. R. Civ. P. 7(b)(1)(B)'s requirement that a party "state with particularity the grounds for seeking the order[.]" Defendants also claim that plaintiffs unduly delayed in adding Bridgestone Corporation as a defendant. (Doc. No. 39 at 389.) Finally, defendants assert that each new claim

2

is futile and would not withstand a motion to dismiss. (*Id*. at 390-400.)

II. Standard of Review

Rule 15(a)(2) of the Federal Rules of Civil Procedure governs the plaintiffs' motion. It provides, in relevant part, that the Court should "freely give leave" to amend pleadings "when justice so requires." "Nevertheless, denying leave is appropriate in instances of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Courts should freely give leave to amend in the absence of these factors. *Foman*, 371 U.S. at 182. When filed "at a late stage in the litigation," however, a motion for leave to amend carries "an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (citation omitted).

III. Analysis

Plaintiffs seek to amend the complaint to add an additional party, three additional claims, and additional facts, and the Court shall address each separately.

A. Additional Party

Plaintiffs have provided no basis upon which to grant leave to add Bridgestone Corporation (Japan) as a defendant. Plaintiffs have offered no justification for adding Bridgestone Corporation (Japan) as a defendant after six months of litigation, stating only that defendants identified Bridgestone Corporation (Japan) in their corporate disclosure statement, which was filed three months before plaintiffs' motion. Plaintiffs have not alleged any facts explaining Bridgestone Corporation (Japan)'s relationship to this lawsuit or to the events

3

described in the complaint. That Bridgestone Corporation (Japan) is the parent corporation of the existing defendants does not by itself justify adding it to the lawsuit. Plaintiffs must have some justification for amending the complaint, and plaintiffs have not provided any relative to Bridgestone Corporation (Japan).

B. Additional Claims

a. Ohio Rev. Code § 1353.06

Plaintiffs assert that defendants violated Ohio Rev. Code § 1353.06, which prohibits suppliers from terminating, failing to renew or substantially altering a dealer agreement without good cause. (Doc. No. 38-1 at 374.) According to plaintiffs, defendants' cited reason for terminating the contract—a change in distribution and go to market solution strategies—does not constitute good cause under the statute. (*Id*. at 376.)

Chapter 1353 of the Ohio Revised Code governs equipment dealer agreements, specifically, agreements between dealers and suppliers of farm machinery and construction equipment. Under this chapter, a "supplier" is "a manufacturer, wholesaler, or distributor of farm machinery or construction equipment to dealers . . . ." Ohio Rev. Code § 1353.01(D). A "dealer" is "a person engaged in the business of the retail sale of farm machinery or construction equipment . . . ." Ohio Rev. Code § 1353.01(G). The definitions of "farm machinery" and "construction equipment" include their "attachments, special service tools, and repair parts[,]" in addition to the machinery and equipment themselves. Both farm machinery and construction equipment specifically exclude motor vehicles. Ohio Rev. Code § 1353.01(H), (J).

Ohio Rev. Code § 1353.06, the section cited by plaintiffs, details specific actions that do or do not constitute good cause to terminate a contract between dealers and suppliers of farm machinery or construction equipment. If a supplier terminates the contract in violation of §

4

1353.06, the statute provides only one remedy. The supplier must repurchase inventory held by the dealer at the time the dealer agreement was terminated. Ohio Rev. Code § 1353.02(B). "A dealer to whom [Chapter 1353] applies may elect to pursue *either* a contract remedy *or* to enforce repurchase of inventory under this chapter." Ohio Rev. Code § 1353.03(B) (emphasis added).[3]

B&S has not stated a plausible claim for relief under this statutory scheme. First, B&S does not allege that it is a dealer and Bridgestone is a supplier pursuant to the statutory definitions of those terms. Plaintiffs state only that "[s]aid provisions of Ohio law were enacted for the benefit and protection of persons and businesses such as [p]laintiffs' business." (Doc. No. 38-1 at 375.) But plaintiffs do not allege that they are engaged in the retail sale of farm machinery or construction equipment, only in the sale of tires. Even if the statute applied to B&S as a dealer and Bridgestone as a supplier, plaintiffs are not seeking the remedy provided by the statute. Plaintiffs do not ask Bridgestone to repurchase their inventory.[4] If the Court permitted plaintiffs to add a claim under Ohio Rev. Code § 1353.06, the claim would not survive a motion to dismiss.

Because permitting plaintiffs to amend their complaint to add a claim under Ohio Rev. Code § 1353.06 would be futile, the Court denies plaintiffs' motion to amend insofar as it seeks to do so.

b. Civil Conspiracy

Plaintiffs seek to add a conspiracy claim against all defendants, in allegations so conclusory that the Court cannot even discern whether plaintiffs assert the claim under state or

---

[3] If a dealer pursues contract remedies, the dealer may also demand repurchase of inventory not affected by the contract remedy. Ohio Rev. Code § 1353.03(B).

5

federal law. Under either, plaintiffs have not stated a valid claim for relief.

"Under Ohio law, a claim for civil conspiracy requires 'a malicious combination of two or more persons to injure another in person or property, in a way not competent for alone, resulting in actual damages.'" *Burgess v. Fischer*, 735 F.3d 462, 483 (6th Cir. 2013) (quoting *Kenty v. Transamerica Premium Ins. Co.*, 650 N.E.2d 863, 866 (Ohio 1995)). Here, plaintiffs did not allege malice, even in conclusory fashion. Insofar as plaintiffs have attempted to plead civil conspiracy under Ohio law, the claim would not survive a motion to dismiss.

Under federal law, "'a civil conspiracy is an agreement between two or more persons to injure another by unlawful action. . . . All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.'" *Huffer v. Bogen*, 503 F. App'x 455, 461 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 934-44 (6th Cir. 1985)). Conspiracy claims "must be pled with some degree of specificity" and merely describing the acts taken by various individual defendants does not suffice. *Id.* at 461-62 (citation and quotation marks omitted). Here, plaintiffs offer no more than vague and conclusory allegations, neglecting even to describe the actions of the individual defendants relative to the conspiracy claim.

Whether under Ohio or federal law, plaintiffs' conspiracy claim would not survive a motion to dismiss. Their motion for leave to amend to add a conspiracy claim is therefore futile, and the Court denies plaintiffs' motion to amend as to the conspiracy claim.

    c. Restraint of Trade

---

[4] Though plaintiffs are entitled to assert alternative grounds for relief, the Court does note that recovery on plaintiffs' asserted claim for breach of contract would foreclose the repurchase remedies of Chapter 1353.

Finally, plaintiffs seek to add a cause of action for restraint of trade, providing little detail. Restraint of trade claims under Ohio law are subject to the same analysis as restraint of trade claims under the Sherman Act, so the Court shall analyze plaintiffs' claim under that statute. *Erie Cnty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012) (quoting *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 795 (Ohio 2005)).

Section 1 of the Sherman Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce[.]" 15 U.S.C. § 1. "To state a Section One claim, a plaintiff must plead more than a restraint of trade; it must plead an *agreement* in restraint of trade." *Erie Cnty.*, 702 F.3d at 867 (emphasis added) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "To plead unlawful agreement, a plaintiff may allege either an explicit agreement to restrain trade, or sufficient circumstantial evidence tending to exclude the possibility of independent conduct." *Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.*, 648 F.3d 452, 457 (6th Cir. 2011) (citations and quotation marks omitted). Nowhere in their restraint of trade cause of action do plaintiffs allege an agreement in restraint of trade, express or circumstantial.

Moreover, to state a claim under § 1, the restraint of trade must be *unreasonable*. *Partner & Partner, Inc. v. ExxonMobil Oil Corp.*, 326 F. App'x 892, 897 (6th Cir. 2009). Two frameworks exist for evaluating reasonableness: the *per se* rule and the rule of reason. The *per se* rule is appropriate where the challenged practice is entirely void of redeeming competitive rationales, while under the rule of reason, a plaintiff has the burden of demonstrating significant anti-competitive effects within a relevant market. *Nat'l Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 419 F.3d 462, 469 (6th Cir. 2005) (citation omitted). Here, plaintiffs have not alleged that defendants' actions lacked a redeeming competitive rationale;

7

indeed, plaintiffs identify defendants' "change in distribution and go to market solution strategies" as the proffered justification for their actions. (Doc. No. 38-1 at 378.) Nor have plaintiffs demonstrated or even alleged anti-competitive effects within a relevant market. They have alleged that B&S sustained damages; however, the Sherman Act requires an allegation that competition has sustained damages, not just the plaintiffs.

Even if plaintiffs had stated a valid claim for restraint of trade, the claim would substantially change the theory on which this contract case has been proceeding. The parties would have to engage in substantial additional discovery and preparation, delaying prompt resolution of this dispute. If plaintiffs have antitrust claims against defendants, which they have not shown thus far, a separate antitrust action would be appropriate. *See* 6 Wright & Miller, Fed. Prac. & Proc. § 1487.

Plaintiffs' claim for restraint of trade would not survive a motion to dismiss and is therefore futile. Insofar as plaintiffs' motion to amend seeks to add this claim, the motion is denied.

### C. Additional Facts

Plaintiffs have not provided any justification for amending their complaint. Yet, defendants do not appear to oppose amending the complaint to reflect the additional facts contained in the April 1, 1991 letter. Nor does the Court see any reason to prevent plaintiffs from conforming their complaint to the facts adduced in discovery. Amending the complaint to add these facts and remove references to the "lost" contract will facilitate more efficient resolution of this case. Insofar as plaintiffs move to amend the complaint to add facts, their motion is granted.

### D. Rule 11

The Court hereby cautions plaintiffs that any future filings that are unsigned under

Rule 11 will not be considered by the Court.


IV. Conclusion

For the reasons set forth above, plaintiffs' motion is GRANTED IN PART AND DENIED IN PART. Plaintiffs shall file an amended complaint in compliance with this order within seven (7) days.

**IT IS SO ORDERED**.


Dated: July 24, 2014

     **HONORABLE SARA LIOI**
     **UNITED STATES DISTRICT JUDGE**

9