UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| B&S TRANSPORT, INC., et al., | ) | CASE NO. 5:13 CV 2793 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| BRIDGESTONE AMERICAS TIRE | ) | |
| OPERATIONS, LLC, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on defendant Bridgestone Americas Tire Operations, LLC's ("BATO") motion for leave to amend its counterclaim to assert a claim not only against plaintiff B&S Transport, Inc. ("B&S"), but against plaintiff Ronnie Harris ("Harris"), as well. (Motion, Doc. No. 59.) Plaintiffs oppose BATO's motion (Opp., Doc. No. 61), and BATO has replied (Doc. No. 62).

For the reasons that follow, BATO's motion for leave to amend its counterclaim is GRANTED.

**I. BACKGROUND**

Plaintiffs brought this action against defendants for race discrimination in violation of 42 U.S.C. § 1981, and various state claims, based on the termination of B&S's status as an authorized dealer of Bridgestone tires. With leave of Court, plaintiff filed a first amended complaint on August 4, 2014 (Doc. No. 47), which defendants

answered and defendant BATO filed a counterclaim against B&S for failing to pay $955,144.16 for tires purchased from BATO (Doc. No. 49).

BATO's present motion seeks to include plaintiff Harris in the counterclaim for payment for tires purchased by B&S because Harris signed a personal guaranty in which he "absolutely and unconditionally guarantees" the payment of B&S's indebtedness and obligations to BATO. (Guaranty, Doc. No. 59-3 at 629.[1]) After the motion was filed, the case was stayed at least until February 3, 2015. (*See* Non-document Order, October 30, 2014.)

## II. DISCUSSION

### A. Standard of Review

The Court analyzes defendant BATO's motion for leave to file an amended counterclaim pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, which provides that leave to amend should be freely given when justice so requires. However, denying leave to amend is appropriate under a number of circumstances, including undue delay, bad faith, dilatory motives, undue prejudice to the opposing party, and futility. *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Courts should freely give leave to amend in the absence of these factors. *Foman*, 371 U.S. at 182.

### B. Analysis

Plaintiffs oppose BATO's motion to amend its counterclaim on multiple grounds. First, plaintiffs contend that the case management plan's deadline for amending

---

[1] All page number references are to the page identification numbers generated by the Court's electronic docketing system.

2

pleadings was May 30, 2014, and therefore BATO's motion is untimely. (Opp. at 637.) While May 30, 2014 was the original deadline for amending pleadings, other dates and deadlines in the plan have been extended at the request of the parties. (*See* Amended Case Management Plan, Doc. No. 57.) Plaintiffs themselves requested and received leave to amend the complaint after the original deadline for amending pleadings. (Doc. Nos. 45 and 47 (August 4, 2014).)

Plaintiffs next maintain that BATO has not demonstrated good cause for the undue delay in seeking to add Harris to the counterclaim because the guaranty has presumably been in defendants' possession for many years. BATO's counsel readily admits that while reviewing the guaranty and other documents for production to plaintiffs, he did not fully appreciate the significance of the guaranty in the context of a claim against Harris, and as a result, there was some delay in seeking leave to amend the counterclaim. BATO's original counterclaim against B&S was filed on August 25, 2014 after the amended complaint was filed on August 4, 2014. Fed. Rule Civ. P. 15(a)(1) provides that a party may amend a pleading once as a matter of course within 21 days after service. When BATO filed the motion on October 21, 2014, it was beyond the time the BATO could have amended the counterclaim without leave of Court by about 5 weeks. But there is no evidence of bad faith or dilatory motives on the part of defendant with respect to the brief delay and plaintiffs do not argue any.

Harris next contends that additional discovery would be required regarding the merits of a counterclaim against him, but does not specify the nature of that discovery. Harris suggests that the required discovery would not be available to him because "[e]xcept for further responses to written discovery that has already been

3

propounded, limited Requests for Admission, depositions and expert witness discovery, discovery is already closed in this case. It is submitted that an amendment, after discovery is virtually closed, seeking more than a million dollars against Ronnie Harris, individually, involves significant prejudice against Mr. Harris." (Opp. at 638.)

When BATO filed the motion, discovery was open until January 9, 2015. Thereafter, the Court stayed the case until at least February 3, 2015, due to a serious medical problem in the family of defendants' lead counsel. (Non-document Order, October 30, 2014.) All dates and deadlines in the case management plan were vacated, including the fact discovery deadline. Thus, discovery is not closed. Further, while Harris argues that discovery on the merits of a counterclaim against Harris is required, there is no suggestion that adding a claim against Harris on the basis of the guaranty is futile because it would not survive a motion to dismiss.

In balancing the factors of delay, bad faith, dilatory motives, prejudice, and futility, the Court concludes that the balance weighs in favor of granting the motion. While there was some delay, it was not excessive. There is no evidence of bad faith or dilatory motives on the part of BATO. In addition, Harris is already a party to this case and the guaranty at issue in the amended counterclaim is apparently a document that he signed and presumably had in his possession. While Harris posits that he will have arguments on the merits of the amended counterclaim with respect to the guaranty, Harries does not contend that the guaranty is not authentic or has simply been fabricated by BATO, or that the amendment would be futile. Further, fact discovery in this case remains open, but temporarily stayed. A revised case management plan will be the topic of discussion at the status conference in this case on February 3, 2015. The discovery

4

required by Harris with respect to the guaranty will be fully considered by the Court in establishing a new fact discovery deadline, thereby obviating any prejudice that Harris may have experienced by having to defend a counterclaim against him without adequate discovery. Lastly, allowing the amendment will advance the interests of resolving the case on the merits, and of judicial economy by eliminating the need for a separate lawsuit to be filed in order for BATO to litigate its claim against Harris on the guaranty.

### III.  CONCLUSION

For the reasons contained herein, defendant BATO's motion to file an amended counterclaim is GRANTED. The amended counterclaim, attached to the motion at Doc. No. 59-2, shall be filed by January 26, 2015.

In anticipation of the status conference on February 3, 2015, counsel for the parties shall confer and file a joint proposed case management plan that provides time frames for completing fact and expert discovery, and filing dispositive motions, after the stay is lifted. The proposed plan should be filed by January 30, 2015.

**IT IS SO ORDERED**.

Dated: January 21, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**