UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| B&S TRANSPORT, INC., et al., | ) | CASE NO. 5:13-cv-2793 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| BRIDGESTONE AMERICAS TIRE | ) | |
| OPERATIONS, LLC, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on motion of plaintiffs B&S Transport, Inc. ("B&S") and Ronnie Harris ("Harris") (collectively, "plaintiffs") for reconsideration of the Court's memorandum opinion (Doc. No. 138 ["MO"]) denying plaintiffs' motion for partial summary judgment, and granting the motion for summary judgment of defendants Bridgestone Americas Tire Operations, LLC ("BATO") and Bridgestone Americas, Inc. ("BA") (collectively, "defendants"). (Doc. No. 140 ["Mot."].) Defendants opposed the motion for reconsideration (Doc. No. 141 ["Opp'n"]),[1] and plaintiffs filed a reply (Doc. No. 142 ["Reply"]).

---

[1] Defendants suggest in their opposition that plaintiffs' motion should be stricken for non-compliance with court orders and local rules. (*See* Opp'n at 5920.) While defendants' suggestion has merit, the Court will nonetheless proceed with an analysis of the motion. (All references to page numbers are to the page identification numbers generated by the Court's electronic filing system).

# I. BACKGROUND

The factual background of this case is detailed in the Court's memorandum opinion from which plaintiffs seek reconsideration. (*See* MO at 5866-69.) Briefly, Harris, who is African-American, founded B&S, which is owned by Harris and his wife. In 1991, B&S became an authorized dealer of Bridgestone tires; the federal government is its primary customer. Defendants notified plaintiffs in February 2013 that they were terminating B&S's dealership agreement effective December 31, 2013. Plaintiffs contend that defendants terminated the dealership because of race, and brought a complaint asserting one federal claim of race discrimination pursuant to 42 U.S.C. § 1981, as well as state law claims.

The parties filed cross motions for summary judgment. Plaintiffs' motion for partial summary judgment was denied and defendants' motion for summary judgment was granted. In so ruling, the Court found that plaintiffs failed to establish that there was a genuine dispute of material fact with respect to the fourth element of a prima facie case of race discrimination under the *McDonnell Douglas/Burdine* burden-shifting framework.[2] (MO at 5882.)

---

[2] Under that three-part framework, if plaintiffs sustain their initial burden of establishing a prima facie case, then the burden shifts to defendants to articulate a legitimate, non-discriminatory reason for terminating the dealership agreement. If defendants can sustain this burden of production, then the burden shifts back to plaintiffs to advance evidence that defendants' justification is a pretext for intentional discrimination. *McDonnell Douglas, Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). A plaintiff may establish a prima face case of race discrimination by showing that "1) he is a member of a protected class; 2) he was qualified for the job and performed it satisfactorily; 3) despite his qualifications and performance, he suffered an adverse employment action; and 4) he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside of his protected class." *Wheat v. Fifth Third Bank*, 785 F.3d 230, 237 (6th Cir. 2015) (quoting *Laster v. City of Kalamazoo,* 746 F.3d 714, 727 (6th Cir. 2014) (citing *McDonnell Douglas*, 411 U.S. at 802)).

Notwithstanding the Court's finding regarding the fourth element, the Court assumed, for the purpose of analysis, that plaintiffs were able to establish a prima facie case, and proceeded to consider defendants' non-discriminatory reason for terminating plaintiffs' dealership agreement and, then, whether that reason is a pretext for race discrimination. (*See* MO at 5882-83.) The Court found that plaintiffs advanced no evidence from which a reasonable jury could conclude that defendants' stated reason for terminating plaintiffs' tire dealership was a pretext for race discrimination. (MO at 5889.)

In their motion, plaintiffs claim that the Court erred in concluding that: (1) plaintiffs did not establish the fourth element of a prima facie case of race discrimination; and (2) there was insufficient evidence from which a reasonable jury could conclude that defendants' stated reason for terminating plaintiffs' dealership was a pretext for race discrimination.

## II. DISCUSSION

### A. Standard of Review

As plaintiffs note at the outset, the federal rules of civil procedure do not provide for motions for reconsideration. Such motions are typically treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 382 (6th Cir. 1991) (citing *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979)). The purpose of Rule 59(e), however, is not to provide an unhappy litigant with an opportunity to relitigate issues already considered and rejected by the Court. *Morgantown Mach. & Hydraulics of Ohio, Inc. v. Am. Piping Prod., Inc.*, No. 5:15-CV-1310, 2016 WL 3555431, at *3 (N.D. Ohio June 30, 2016) (citation omitted). In other words, a motion for reconsideration is not a substitute for appeal. *See CitiMortgage, Inc.*

*v. Nyamusevya*, No. 2:13-CV-00680, 2015 WL 1000444, at *4 (S.D. Ohio Mar. 5, 2015) (citing *Gore v. AT & T Corp.,* No. 2:09–CV–854, 2010 WL 3655994, *1 (S.D. Ohio Sept. 14, 2010) ("Motions for reconsideration should not be used as a substitute for appeal nor should they be used as a vehicle for mere disagreement with a district court's opinion.")). Neither is a Rule 59(e) motion properly used to advance a new legal theory or evidence to support a prior argument when either or both, with due diligence, could have been discovered and offered during the initial consideration of the issue. *McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (citation omitted).

Generally, only three situations justify a district court in altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)); *see also Huff v. FirstEnergy Corp.*, No. 5:12CV2583, 2014 WL 2441768, at *2 (N.D. Ohio May 29, 2014) (The party seeking to alter or amend judgment under Rule 59(e) "'must either clearly establish a manifest error of law or must present newly discovered evidence.'") (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007)).

**B. Analysis**

Plaintiffs do not contend that there has been an intervening change in law or new evidence. Rather, plaintiffs argue that the Court committed an error of law. An error occurs where the Court exhibits a "wholesale disregard, misapplication, or failure to

recognize controlling precedent." *Huff*, 2014 WL 2441768, at *2 (internal quotation marks and citation omitted); *Jackson v. Ford Motor Co.*, No. 15-1180, 2016 WL 4533028, at *1 (W.D. Tenn. Mar. 21, 2016) ("A 'clear error of law' occurs where the original ruling overlooked or disregarded some argument or controlling authority or where the moving party successfully points out a manifest error[.]") (some internal quotation marks omitted) (quoting *United States v. Ladeau*, No. 3:10-CR-00242-1, 2012 WL 5838125, at *2 (M.D. Tenn. Nov. 15, 2012) (further citation omitted)).

1. **Prima facie case**

    *Plaintiffs' argument that B&S was replaced*

    Plaintiffs contend that the Court erred in concluding that Pomp's and Southern Tire Mart (both Caucasian owned dealerships) did not replace B&S with respect to government sales when B&S's dealership was terminated, and argues pages of record evidence in support of that position. (Mot. at 5908-11.) Plaintiffs did not argue on summary judgment, however, that they satisfied the fourth element of a prima facie case because B&S was replaced by a dealer outside the protected class. (*See* Doc. No. 106 at 4454-57; Doc. No. 87 at 1390-92.) As the Court notes in its ruling, plaintiffs' treatment of the issue of replacement was limited to a single sentence in plaintiffs' reply brief. (MO at 5878 n.5.)

    Plaintiffs' current arguments of fact and law on the issue of replacement do not establish error by the Court. Those arguments were not advanced by plaintiffs on the parties' cross motions for summary judgment, but could have been, and do not now provide a basis upon which the Court should depart from its decision. *See McConocha*, 930 F. Supp. at 1184; *Arrowood Indem. Co. The Lubrizol Corp. v. United States Fire Ins.*

*Co.*, No. 1:10 CV 2871, 2015 WL 12743583, at *3 (N.D. Ohio Mar. 31, 2015), *aff'd sub nom. Arrowood Indem. Co. v. Lubrizol Corp.*, No. 16-3463, 2017 WL 2377936 (6th Cir. June 1, 2017) (quoting *McConocha,* 930 F. Supp. at 1184).

### *Plaintiffs' argument that Pomp's was similarly situated*

On summary judgment, plaintiffs argued that B&S and Pomp's were similarly situated because both sold Bridgestone tires to the government. Defendants argued that many of their dealers are authorized to sell tires to the government, and that dealer attributes pertinent to the decision to terminate B&S's dealership are the proper relevant aspects of comparison for purposes of determining whether B&S and Pomp's are similarly situated.

As stated in the Court's memorandum opinion, in order to be similarly situated, Pomp's and B&S need not be identical, but must be similar *in all relevant aspects*. In this way, aggrieved parties in "unique" positions are not precluded from demonstrating that they are similarly-situated to those outside the protected group. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 353 (6th Cir. 1998). The Court concluded that tire sales to the government was not a relevant aspect for comparison in the similarly situated analysis because government sales had no bearing on the decision to terminate B&S's dealership. Finding defendants' argument to be more persuasive, the Court concluded that Pomp's and B&S were not similarly situated based on comprehensive attributes of the two Bridgestone tire dealers. (MO at 5878-82.)

Plaintiffs contend that the Court erred in so ruling because, drawing all reasonable inferences in plaintiffs' favor, the Court should have concluded that Pomp's and B&S were similarly situated based on tire sales to the government, and permitted plaintiffs to

attempt to demonstrate pretext. (Mot. at 5901-02.) Plaintiffs point to *Ortiz v. Norton*, 254 F.3d 889 (10th Cir. 2001) in support, arguing that the Court's determination of relevant aspects for comparison between B&S and Pomp's made their prima facie burden too onerous and frustrated their opportunity to prove that defendants' rationale for terminating B&S's dealership was pretextual. (Mot. at 5903-04, citing *Ortiz*, 254 F.3d at 894.) But plaintiffs' disagreement with the Court's conclusion regarding relevant aspects for comparison between B&S and Pomp's, and citation to a case from another district that was not argued in their summary judgment briefing, does not establish that the Court erred.

Plaintiffs also contend that the Court erred in concluding that they abandoned their § 1981 pricing claim. Plaintiffs admit that they did not address pricing in opposing defendants' summary judgment motion, but argue that they raised pricing in their partial summary judgment motion. (Mot. 5907.) The Court addressed this issue in the memorandum opinion, noting that plaintiffs' pricing arguments were not asserted in support of plaintiffs' race discrimination claim, but in support of their state law claims for breach of contract and implied covenant of good faith. As previously explained, it is not the Court's role or responsibility to piece together, on behalf of plaintiffs, arguments opposing defendants' motion for judgment on plaintiffs' race discrimination claim. (*See* MO at 5890 n.13.)

In any event, although the Court concluded that plaintiffs failed to establish genuine dispute of material fact as to their prima facie case, the Court went on to assume that they had, and proceeded with the *McDonnell Doulas/Burdine* analysis. (MO at

5883.) Because of this assumption, it is arguably unnecessary for the Court to even address plaintiffs' motion for reconsideration regarding the Court's prima facie analysis.

That said, the motion does not establish that the Court's analysis of plaintiffs' prima facie case demonstrated a wholesale disregard or misapplication of the law, or failure to recognize controlling precedent. *See Huff*, 2014 WL 2441768, at *2. Plaintiffs' motion consists of rearguing facts and law from their summary judgment briefing, or making new arguments that were available to plaintiffs, but not presented to the Court, in their initial briefing. Neither provides a basis upon which the Court should depart from its original decision. *See Morgantown Mach.*, 2016 WL 3555431, at *3; *McConocha*, 930 F. Supp. at 1184.

2. **Pretext**

Plaintiffs also contend the Court erred in concluding that they failed to show defendants' reason for terminating plaintiffs' dealership was a pretext for race discrimination because: (1) defendants' reason does "not logically justify termination" because it makes more sense to require a dealer to comply than to terminate the dealership (Mot. at 5912); (2) defendants did not require plaintiffs to change their business model (*id.*); (3) defendants changed their market strategy in 2007 but did not terminate plaintiffs' dealership until 2013 (*id.*); (4) defendants did not want plaintiffs to change their business model because of competition with other regional dealers (*id.*, citing Doc. No. 84-4 ¶ 4)[3]; (5) defendants have scant internal documentation of their new business strategy and why that strategy supported terminating plaintiffs' dealership (*id.* at 5913); (6) defendants took no steps to evaluate plaintiffs' government sales and whether

---
[3] Plaintiffs' summary judgment briefing, either on their own motion or in opposition to defendants' motion, did not present this argument.

8

terminating plaintiffs' dealership would improve defendants' profits; (*id*. at 5913-14); and (7) the only dealership terminated because of defendants' change in strategy was the only African-American owned dealer authorized to sell tires to the government (*id*. at 5914). Citing *Griffin v. Finkbeiner*, 689 F.3d 584 (6th Cir. 2012),[4] plaintiffs argue that this evidence is sufficient to rebut defendants' rationale, and the Court erred in concluding otherwise.

Once again, plaintiffs are simply advancing arguments that were either previously considered by the Court, or were not presented to the Court (but could have been) for initial consideration of the dispositive motions. (*See* MO at 5883-88; Doc. No. 87 at 1392-1395; Doc. No. 106 at 4457-4462; and Doc. No. 109 at 4999-5003). Plaintiffs' mere disagreement with the Court's pretext analysis, and assertion of belated theories and arguments, does not demonstrate error, nor provide a basis upon which the Court should depart from its original decision. *See Morgantown Mach.*, 2016 WL 3555431, at *3; *McConocha*, 930 F. Supp. at 1184.

---

[4] In *Griffin*, the Sixth Circuit found that the district court erred in requiring plaintiff to introduce "additional, independent evidence of discrimination" after showing pretext in order to survive summary judgment. *Griffin*, 689 F.3d at 593-94. Here, the Court found that plaintiffs failed to establish that there was a genuine dispute of material fact on the issue of pretext. No additional showing was required from plaintiffs.

## III. CONCLUSION

Plaintiffs' motion for reconsideration is granted. For all of the foregoing reasons, having reconsidered in light of plaintiffs' motion, the Court adheres to its original decision.

**IT IS SO ORDERED**.

Dated: November 17, 2017

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**